UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ONDREA JOHNSON                                                                PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:11CV-P213-M

COOKIE CREWS et al.                                            DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Ondrea Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a prisoner at Kentucky State Reformatory (KSR), sues the following KSR employees in their individual and official capacities: Warden Cookie Crews, Head Nurse Patsy Hart, Nurse Bobbie Holgan, and Officer D. Heron. He alleges that on March 4, 2011, he was moved to a cell in which another inmate had twice defecated on the floor, even though there "was no real or true reason for [him] to have to move to that un-clean and un-healthy cell." It appears he was moved from the cell the next day. He asserts that he "suffered emotional distress and emotional pain and emotional injury and was discriminated against by these Defendants." He states that he is in a wheelchair and is a "qualified individual" under the "ADA." In an inmate grievance form he attached to his complaint, he states that Defendant Heron laughed at him about his having to move into that cell and that the cell was not cleaned up until around 7:00 p.m. As relief, he asks for monetary and punitive damages and injunctive relief in not being discriminated against.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.  *Condition of cell*

The Eighth Amendment protects inmates from cruel and unusual living conditions. However, a prisoner making a conditions-of-confinement claim must satisfy the two-part test established in *Farmer v. Brennan*, 511 U.S. 825 (1994). First, the prisoner must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. at 834 (internal quotations and citation omitted). Second, the prisoner must show that the defendant was "deliberately indifferent" to inmate safety. *Id.*

Dismissal of Plaintiff's Eighth Amendment claim is appropriate because the Prison Litigation Reform Act (PLRA) requires that any action for emotional injury suffered while in custody is barred unless the prisoner can show physical injury. 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than de minimis for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Since Plaintiff has not alleged that he suffered any injury whatsoever from the incident, Plaintiff has failed to plead a claim that meets the PLRA's threshold. *See Moore v. Simmons*, No. 5:06–CT3143 H, 2007 WL 4262702, at *3 (E.D.N.C. May 18, 2007) (no constitutional violation where plaintiff did not state that the complained-of conditions, including stagnant toilets and inmates throwing feces daily, "caused him serious or significant physical injury" despite plaintiff's claim that the conditions caused "sore throat-high grade fever"); *Jennings v. Weberg*, No. 2:06–CV–235, 2007 WL 80875, at *3 (W.D. Mich. Jan 8, 2007) (dismissing case pursuant to § 1997e(e) where plaintiff alleged that he was "battered with spit and urine" on a regular basis by another inmate which caused him "fear, distress and mental anguish that he experienced as a result of Defendant's failure to protect him"); *Smith v. Edwards*, No. 06–1259, 2006 WL 3512837, at *3 (E.D. La. Dec. 5, 2006) (dismissing case pursuant to § 1997e(e) where plaintiff alleged defendants allowed inmate who had AIDS to throw feces on him because plaintiff alleged only that he was upset, not that he suffered any physical injury); *Fackler v. Dillard*, No. 06–10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug. 16, 2006) (no constitutional violation where guard threw a cup of urine through the food slot of plaintiff's cell which splashed on plaintiff because, although devoid of any penological purpose, plaintiff did "not allege that she sought medical attention as a result of the

incident or that she suffered any lingering injuries" beyond the "indignity" of it). Thus, the Court finds that Plaintiff's Eighth Amendment claim must be dismissed for failure to state a claim upon which relief can be granted.

B.  *Discrimination claim*

It is not clear from Plaintiff's complaint whether he contends that he was discriminated against because he is black or because he is disabled, but in either event Plaintiff's mere recitation that he has been discriminated against is not enough. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (explaining that the Court now "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action"). Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Plaintiff's complaint speaks in unacceptably general terms and offers no facts that would support a claim of discriminatory racial animus.[1] Consequently, this claim must be dismissed for failure to state a claim. *See Kamppi v. Ghee*, No. 99-3459, 2000 WL 303018, at *1 (6th Cir. Mar. 14, 2000) (affirming district court's dismissal on initial review of prisoner's civil-rights case, stating that prisoner's "conclusory assertion of discrimination fails to state a claim for denial of equal protection").

---

[1] In fact, in attachments to his complaint, Plaintiff states that he is black and that Defendant Heron is also black. Moreover, the Court notes that Warden Crews also is African American. *See Malone v. Rees*, No. Civ.A.05-CV-045-KKC, 2005 WL 2122593, at *2 (E.D. Ky. Aug. 31, 2005).

4

C.  *Americans-with-Disabilities-Act (ADA) claim*

To make out a claim under the ADA, Plaintiff must allege that: (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, and (3) such exclusion, denial of benefits, or discrimination was because of a disability.  42 U.S.C. § 12132.  A "public entity" under the Act does not include an individual prison official, and therefore Plaintiff fails to state a claim against the individual defendants under the ADA.  *See Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004).  The proper defendant under the ADA is the public entity or an official acting in his official capacity.  *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002).

However, Plaintiff's claims against Defendants in their official capacities also fail because he does not allege that he was placed in the unclean cell because of his disability, and, even if he had, such a one-time, isolated incident is not enough to state a claim under the ADA. *See Moore v. Curtis*, 68 F. App'x 561, 563 (6th Cir. 2003) (prisoner who was disabled and used a wheelchair failed to state a claim under the ADA when his disputes with staff and inmate assistants resulted in only isolated instances in which he missed meals or privileges); *McCord v. Ohio Dept. of Rehab. and Corr.*, No. 1:10 CV 2355, 2011 WL 768079, at *2 (N.D. Ohio Feb. 28, 2011) ("Allegations of isolated instances of failing to accommodate a disabled prisoner's condition do not state a claim under the ADA.").  Consequently, the Court finds that Plaintiff has failed to state a claim under the ADA.

5

## III. **CONCLUSION**

For the foregoing reasons, by separate Order, the Court will dismiss Plaintiff's claims.

Date:


cc: Plaintiff, *pro se*
 Defendants
4414.009