UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ONDREA JOHNSON                                                                                          PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:11CV-P213-M

COOKIE CREWS et al.                                                                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff's civil-rights complaint was dismissed for failure to state a claim by Order entered on May 26, 2011. On August 3, 2011, Plaintiff filed a motion to consider the case on its merits or, alternatively, to exclude filing fee payments (DN 9). He states that he is not an attorney and was helped in drafting his complaint only by another inmate; that the Court failed to give leeway to a *pro se* Plaintiff; that he made medical complaints about his injuries but the nurses did not take him to visit the doctor; and that this Court has authority to exclude any more monthly filing fees.

The Court interprets Plaintiff's motion as one under Federal Rule of Civil Procedure 60 for relief from a final order and not one under Federal Rule of Civil Procedure 59 to alter or amend a judgment, because it was filed too late to be considered under Rule 59.[1] Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

from the operation of the judgment.  The motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered. Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.").  Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation."  *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  While Plaintiff did not specify the grounds under which he seeks reconsideration of the Court's decision, Plaintiff's motion alleges circumstances which, when most liberally read, could be asserted either under Rule 60(b)(1) or 60(b)(6).

Relief may be granted under Rule 60(b)(1) "only where a party has made an excusable litigation mistake, an attorney has acted without authority, or a judge has made a substantive mistake of law or fact in the final judgment or order."  *Stephens v. Crabtree*, 72 F. App'x 351, 352-53 (6th Cir. 2003).  Plaintiff has not shown any mistake, inadvertence, surprise, or excusable neglect, as required by Rule 60(b)(1).  Relief under Rule 60(b)(1) is not warranted.

Nor do Plaintiff's allegations rise to the level of "exceptional or extraordinary circumstances" required by Rule 60(b)(6).  *See McDowell*, 931 F.2d at 383.  Thus, Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b).

Dismissal of this action, however, does not relieve Plaintiff of his responsibility to pay the full amount of the requisite $350.00 filing fee in this action.  *In re Alea*, 286 F.3d 378, 381

(6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Rather, the obligation to pay the filing fee attaches when a prisoner "brings a civil action." *In re Alea*, 286 F.3d at 381. The subsequent dismissal of the complaint does not negate that obligation. *McGore v. Wrigglesworth*, 114 F.3d at 607 ("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed. . . . Any subsequent dismissal of the case does not negate this financial responsibility" (citations omitted)); *see also Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000).

      **IT IS ORDERED** that Plaintiff's motion (DN 9) is **DENIED**.

Date:




cc:    Plaintiff, *pro se*
        Defendants
4414.009